**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

DO NO HARM,

        *Plaintiff*,

    v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
*et al.*,

        *Defendants*.

---

Civil Action No. 26 - 1062 (LLA)

**ORDER**

Plaintiff Do No Harm brings this action against the U.S. Department of Health and Human Services ("HHS"), HHS Secretary Robert F. Kennedy, Jr., the U.S. Health Resources and Services Administration ("HRSA"), and HRSA Administrator Thomas J. Engels, challenging the constitutionality of the Native Hawaiian Health Scholarship Program (the "Program"). ECF No. 1. Papa Ola Lōkahi, a nonprofit organization that jointly administers the Program with HRSA, has moved to intervene as of right as a defendant under Federal Rule of Civil Procedure 24(a) or, in the alternative, for permissive intervention under Rule 24(b). ECF No. 11. Do No Harm does not oppose intervention as of right and takes no position on permissive intervention. *Id.* at 1. Defendants take no position on Papa Ola Lōkahi's motion. ECF No. 22, at 1. For the reasons explained below, the court grants Papa Ola Lōkahi's motion.

The Program is a merit-based scholarship program that provides federal financial assistance to Native Hawaiians at health professions schools. ECF No. 11-1, at 5-6. Do No Harm alleges that the Program's exclusion of non-Native Hawaiians violates the Fifth Amendment's Due

Process Clause, ECF No. 1 ¶¶ 16, 38-46, and seeks an injunction prohibiting Secretary Kennedy from "enforcing or applying the Program's race-based requirements," *id.* at 10.  Papa Ola Lōkahi's mission is to "improve the health status and wellbeing of Native Hawaiians and others by advocating for, initiating and maintaining culturally appropriate strategic actions aimed at improving the physical, mental and spiritual health of Native Hawaiians and their ʻohana (families) and empowering them to determine their own destinies." *About Us*, Papa Ola Lōkahi.[1]  Congress has authorized the Secretary of HHS to provide funds for the Program to Papa Ola Lōkahi "through a direct grant or a cooperative agreement."  42 U.S.C. § 11709(a).  Congress has also charged Papa Ola Lōkahi with various duties to address "the unmet health needs of the Native Hawaiian people," *id.* § 11701(22); *see id.* § 11704, and Papa Ola Lōkahi has "primary responsibility for implementing the Scholarship Program eligibility criteria," ECF No. 11-1, at 6; *see* 42 U.S.C. § 11709(b)(1).

Under Rule 24, "[o]n timely motion," the court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  To qualify for intervention as of right, the movant, including a defendant-intervenor, must demonstrate Article III standing and satisfy Rule 24(a)'s four requirements: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner*

---

[1] *Available at* https://perma.cc/CG7W-EZHJ.

*v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *Sec. & Exch. Comm'n v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)); *see Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015).

The court concludes that Papa Ola Lōkahi is entitled to intervene as of right as a defendant.[2] First, Papa Ola Lōkahi has established Article III standing.  Article III standing is comprised of three elements: "(1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must exist 'a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Friends of Animals v. Jewell*, 828 F.3d 989, 991-92 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).  While an organization's "abstract interest in a problem is insufficient to establish standing, . . . an organization may establish Article III standing if it can show that the defendant's actions cause a 'concrete and demonstrable injury to the organization's activities.'"  *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Ent., Inc.*, 659 F.3d 13, 24-25 (D.C. Cir. 2011) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)).

Here, Papa Ola Lōkahi would suffer a concrete injury if Do No Harm obtains its requested relief because Papa Ola Lōkahi would be required to "alter the execution of its statutory responsibilities in a manner contrary to its mission, mandate, and kuleana (responsibility)" by changing the Program's eligibility criteria to accept non-Native Hawaiians.  ECF No. 11-1, at 7. As noted, Papa Ola Lōkahi is responsible for "implementing the Scholarship Program eligibility

---

[2] Because the court finds that Papa Ola Lōkahi may intervene as of right, it need not reach the organization's arguments for permissive intervention under Rule 24(b)(1)(B).  *See, e.g.*, *Virginia v. Ferriero*, 466 F. Supp. 3d 253, 255 (D.D.C. 2020).

criteria" through applicant vetting, placement of awardees, mentoring, and other professional development, *id.* at 6; *see* 42 U.S.C. § 11709(b)(1), and it jointly administers the Program with HRSA, *see* ECF No. 1 ¶ 17.  Granting Do No Harm's requested relief would directly impair Papa Ola Lōkahi's ability to recruit Native Hawaiian applicants and administer the Program in furtherance of its mission to improve and support Native Hawaiian healthcare services.  *See* ECF No. 11-1, at 5 ("Pursuant to Papa Ola Lōkahi's mission, Scholarship Program recipients help provide medical care integrated with traditional Native Hawaiian values, beliefs, and practices.").  Papa Ola Lōkahi also asserts that the requested relief would "impede ongoing collaborations between Papa Ola Lōkahi and HRSA for the upcoming fiscal year" and "threaten[] approximately $2.2 million annually for work central to [its] mission and services."  *Id.* at 7.  Because it is undisputed that an unfavorable decision would directly affect Papa Ola Lōkahi's administration of the Program, Papa Ola Lōkahi has standing.  *See Crossroads Grassroots Policy Strategies*, 788 F.3d at 318 ("For standing purposes, it is enough that a plaintiff seeks relief, which, if granted, would injure the prospective intervenor.").

Papa Ola Lōkahi also easily meets the Rule 24(a) factors, which are not contested by any party.  First, the motion is timely as it was filed less than two weeks after Defendants were served, and no party claims any prejudice.  Papa Ola Lōkahi also has a legally protected interest that this action would impair or impede if Do No Harm's suit were to succeed for the same reasons Papa Ola Lōkahi has standing.  *See Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 6 (D.D.C. 2018) ("[G]enerally speaking, when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and *vice versa*."  (quoting *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13 n.5 (D.D.C. 2010))).  Papa Ola Lōkahi has a legally protected interest in this action as a joint administrator of the Program by statute.  *See*

4

42 U.S.C. § 11709.  And Do No Harm's requested relief would impair Papa Ola Lōkahi's ability to recruit, vet, and recommend Program recipients in accordance with its mission and statutory mandate.  *See* ECF No. 11-1, at 11-12.  Finally, Papa Ola Lōkahi has met its "minimal" burden of showing the existing parties "may be inadequate" in representing its interests.  *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (internal quotation marks omitted) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).  The D.C. Circuit has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors."  *Id.* at 736.  As relevant here, Papa Ola Lōkahi represents the interests of Native Hawaiians specifically, while Defendants—governmental entities and officials—have "an obligation to represent the interests of all [the federal government's] citizens."  *WildEarth Guardians v. Haaland*, No. 21-CV-175, 2021 WL 12241918, at *2 (D.D.C. July 14, 2021).  And while both Papa Ola Lōkahi and HHS administer the Program, they play distinct roles in that scheme such that Defendants may not adequately represent Papa Ola Lōkahi's interests in this litigation.

Accordingly, it is hereby **ORDERED** that Papa Ola Lōkahi's Motion to Intervene, ECF No. 11, is **GRANTED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   June 16, 2026

5